UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WINIFRED J. DAUGHERTY et al., | ) | Case No. 1:17-cv-03736 |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Hon. Judge Ruben Castillo |
| v. | ) |  |
|  | ) |  |
| THE UNIVERSITY OF CHICAGO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## PRELIMINARY APPROVAL ORDER

This matter came to be heard before me on May 23rd, 2018, on Plaintiffs' Motion for Preliminary Approval of a class action settlement in this case. In connection with that motion, I have considered and reviewed the following materials: (a) Plaintiffs' motion for preliminary approval of the Settlement (the "Motion"), and the papers filed in connection therewith; and (b) the Class Action Settlement Agreement dated May 22, 2018 and the exhibits attached thereto (the "Settlement Agreement"). In addition, the Court has considered the arguments of counsel and the pleadings and record in this case. This Court has considered all of the foregoing materials and information and finds that there is good cause for granting the Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.     Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2.     The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.     Venue before this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

1

4.      The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.  The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Fairness Hearing, and the mailing of notices to Monetary Relief Class Members, each as provided for in this Order.  The Court further finds, on a preliminary basis, that the formula proposed by Plaintiffs and Class Counsel for allocating the Distributable Settlement Fund among Monetary Relief Class Members is fair and reasonable.

### Class Certification for Settlement Purposes

5.      Pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court hereby certifies for settlement purposes only the following two non-opt-out Settlement Classes (the "Classes" or the "Settlement Classes"):

(a)     **The Monetary Relief Class**

The "Monetary Relief Class" will consist of all participants and beneficiaries of The University of Chicago Contributory Retirement Plan and The University of Chicago Retirement Income Plan for Employees from May 18, 2011 through the date of preliminary approval, excluding the Defendant or any participant who is a fiduciary to the Plans.

(b)     **The Structural Changes Class**

The "Structural Changes Class" will consist of all participants and beneficiaries of The University of Chicago Contributory Retirement Plan and The University of Chicago Retirement Income Plan for Employees from the date of preliminary approval until the date that is three years after the date of final approval.

6.      Solely for settlement purposes, the Court finds that each element required for certification of the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Classes are so numerous that their joinder in the Action is

2

impracticable; (b) there are questions of law and fact common to the members of the Classes that predominate over any questions affecting only individual members of the Classes; (c) Plaintiffs' claims are typical of the claims of the Classes; (d) Plaintiffs and co-lead counsel have fairly and adequately represented and protected the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in the Action against Defendant. The Court further finds that the requirements of Rule 23(b)(1)(A) have been met. Prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications as to individual Members of the Classes that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action.

7.     For settlement purposes, the Court hereby finds that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are adequate class representatives and certifies them as Class Representatives for both Classes, and appoints the law firms of Berger & Montague, P.C. and Schneider Wallace Cottrell Konecky Wotkyns, LLP as Co-Lead Counsel for the Classes. Plaintiffs and Co-Lead Counsel have fairly and adequately represented the Classes in terms of both litigating the claims of the Classes and entering into and implementing the Settlement and have satisfied all the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

**Class Notice**

8.     The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement. The parties may make non-substantive changes to the Notice, such as filling in the applicable dates and correcting any typographical errors or addressing similar issues.

9.     Defendant shall cause the Plans' current and former recordkeepers to provide to the Settlement Administrator with the last known mailing address for each Settlement Class Member.

The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

10.     Within thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the Notice, substantially in the form attached hereto as Exhibit 1 (the "Notice"), to be sent via first-class U.S. mail, postage pre-paid to each Settlement Class Member through the notice procedure described in the Settlement Agreement.

11.     The Court finds that the notice to be provided as set forth in this Order is the best means of providing notice to the Monetary Relief Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing, and the hearing on the motion for Plaintiffs' Case Contribution Awards and award of Attorneys' Fees and Expenses, to all persons affected by or entitled to participate in the Settlement in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

12.     All reasonable costs incurred by Plaintiffs' Counsel or the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

**Fairness Hearing**

13.     The Court will hold a settlement hearing (the "Settlement Hearing") on 9/12 , 2018 at 1:0 .m. in Courtroom 2541 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Classes and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit A to the Settlement Agreement should be entered pursuant to the

4

terms of the Settlement, dismissing with prejudice all claims asserted in the Action against Defendant with respect to Members of the Settlement Classes; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the separate motion by Co-Lead Counsel for payment of Plaintiffs' Case Contribution Awards and an award of Attorneys' Fees and Expenses to Class Counsel should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 10 of this Order.

14. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Classes.

## Appearance and Objections at Settlement Hearing

15. The Court will consider written comments and objections to the Settlement Agreement, to the Plan of Allocation, to the proposed award of Attorneys' Fees and Expenses, or to the request for a Case Contribution Award for the Plaintiffs only if such written comments or objections are filed with the Court Clerk not later than 21 days before the Fairness Hearing and comply with the requirements of Paragraph 17 below, and are served on the Parties at the following addresses:

For Filing with the Court:

United States District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

To Class Counsel:

John J. Nestico
SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS, LLP

8501 N. Scottsdale Rd.
Suite 270
Scottsdale, AZ 85253

To Defendant's Counsel:

Mark B. Blocker
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

16.     The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court Clerk not later than 21 days before the Fairness Hearing and include all of the following: (a) the name and case number of the Action; (b) the Settlement Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Settlement Class Member and an explanation of the basis upon which the person claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel, (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an Order from the Court. The named Plaintiffs or Defendants may take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

17.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified

6

counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendant's Counsel (at the addresses set out above) and file it with the Court Clerk by not later than 21 days before the Fairness Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

### Additional Issues

18.     The Court approves the retention by Co-Lead Counsel of Heffler Claims Group LLC (the "Settlement Administrator") to supervise and administer the Settlement.

19.     The Court approves the selection of the Huntington National Bank as the Escrow Agent. The contents of the Settlement Fund held by Huntington National Bank as Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed or returned pursuant to the Settlement Agreement and/or further Order(s) of the Court.

20.     In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiffs and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint,

7

counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

## Termination of Settlement

21.    If the Settlement is terminated or not approved, or if the Effective Date of the Settlement does not occur, this Order shall become null and void and be without prejudice to the rights of the plaintiffs, the Settlement Class Members, and Defendant, and the settling parties shall be deemed to have reverted to their respective positions in this Action as of March 21, 2018.

## Supporting Papers

22.    Co-Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and their motion for Plaintiffs' Case Contribution Awards and an Award of Attorneys' Fees and Expenses no later than twenty-eight (28) calendar days prior to the Settlement Hearing; reply papers by Co-Lead Counsel, if any, including any responses to written objections to the proposed Settlement, the proposed Plan of Allocation and/or the motion for Plaintiffs' Case Contribution Awards and an award of Attorneys' Fees and Expenses, will be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

## Use of Order

23.    This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation involving any of the Parties. This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against Defendant of, wrongdoing or liability in the Actions or any other proceeding; (b) is not an

admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Classes that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification, in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendant specifically denies any fault, breach, liability or wrongdoing.

### Schedule

24.     On or before June 22, 2018, the Settlement Administrator shall cause copies of the Notice to be sent to each Settlement Class Member.

25.     No later than June 26, 2018, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a declaration attesting to compliance with the sending of the Settlement Notices.

26.     Co-Lead Counsel shall file and serve their opening papers in support of the proposed Settlement and the Plan of Allocation, including their motion for Case Contribution Awards and Attorneys' Fees and Expenses, on or before _8/15/18_ [28 days before Fairness Hearing].

27.     All written comments and objections to the Settlement Agreement, the Settlement, the Plan of Allocation, or the motion for Case Contribution Awards and Attorneys' Fees and

Expenses shall be filed and served on or before _____8/22/18_____ [21 days before Fairness Hearing].

28. Any Class Member who files a timely written comment or objection and wants to appear at the Fairness Hearing shall file and serve a notice of intention to appear on or before _8/22/18_ [21 days before Fairness hearing].

29. The Parties written responses to any objections shall be filed on or before _9/5/18_ [7 days before Fairness Hearing]

## Jurisdiction

30. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

SO ORDERED this _23rd_ day of _____May_____, 2018

_____
United States District Judge