# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WINIFRED J. DAUGHERTY et al., | Case No. 1:17-cv-03736 |
| Plaintiffs, | |
| v. | Hon. Judge Ruben Castillo |
| THE UNIVERSITY OF CHICAGO, | |
| Defendant. | |

## FINAL APPROVAL ORDER

WHEREAS, on 9/6/18 this Court conducted a hearing (1) to determine whether to finally certify the Monetary Relief Class[1] pursuant to Fed. R. Civ. P. 23(b)(1) and the Structural Changes Class pursuant to Fed. R. Civ. P. 23(b)(1); (2) to determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate and in the best interests of the Settlement Classes and should be approved by the Court; (3) to determine whether the proposed Plan of Allocation for distributing the Settlement proceeds among Monetary Relief Class Members should be approved by the Court; (4) to consider the applications for Attorneys' Fees and Expenses, and Case Contribution Fees; and (5) to hear and rule upon such other matters as the Court may deem appropriate (both hearings are collectively referred to as the "Final Approval Hearing");

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Class Action Settlement Agreement and Release dated May 22, 2018 ("Settlement Agreement") entered between Plaintiffs and Defendant, the University of Chicago. The Settlement Agreement with all exhibits thereto is being filed as an exhibit to Plaintiff's accompanying motion for preliminary approval.

1

WHEREAS, the Court was advised at the Final Approval Hearing that the Class Notice in the form approved by the Court was sent to the Settlement Classes pursuant to the terms of the Settlement Agreement and posted on the Settlement Website; and

WHEREAS, the Court, having considered all matters submitted to it at the Final Approval Hearing, including all written submissions and the arguments of counsel for the Parties and counsel for any objectors;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Settlement Agreement, including the definitions contained therein, is incorporated by reference in this Final Approval Order and Judgment.

2. The Court has jurisdiction over Plaintiffs, all the Members of the Settlement Classes, Defendant, and the subject matter of this Action.

3. Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby finally certifies, for purposes of effectuating the Settlement only, a Monetary Relief Class consisting of all participants and beneficiaries of The University of Chicago Contributory Retirement Plan and The University of Chicago Retirement Income Plan for Employees from May 18, 2011 through the date of preliminary approval, excluding the Defendant or any participant who is a fiduciary to the Plans.

4. Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby finally certifies, for purposes of effectuating the Settlement only, a Structural Change Class consisting of all participants and beneficiaries of The University of Chicago Contributory Retirement Plan and The University of Chicago Retirement Income Plan for Employees from the date of preliminary approval until the date that is three years after the date of final approval.

5. The Court appoints Winifred J. Daugherty, Walter James, and Gloria Jackson as the Class Representatives for both the Monetary Relief Class and the Structural Changes Class (collectively, the "Settlement Classes").

6. The Court appoints the following firms as counsel to the Settlement Classes: (a) Berger & Montague, P.C.; (b) Schneider Wallace Cottrell Konecky Wotkyns, LLP; and (c) Wexler Wallace LLP; and appoints Berger & Montague, P.C. and Schneider Wallace Cottrell Konecky Wotkyns, LLP as Co-Lead Counsel.

7. The Court finds that Defendant has complied with the notice requirements of 28 U.S.C. § 1715 and has previously filed a notice confirming its compliance.

8. The Class Notice was previously provided to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Classes of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the terms and conditions of the Settlement and the right to object.

9. Based on the evidence submitted by the parties, the Court concludes that the Settlement is fair, reasonable and adequate. The Settlement is therefore approved, and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

10. The Plan of Allocation is also hereby approved as fair, reasonable and adequate.

11. The Court finds that the members of the Settlement Class are in privity with the interests of the plans, their participants and their beneficiaries, and all private parties authorized to sue under ERISA sections 502(a)(2) and (3), that such private parties are adequately represented

by the Class Members, and all parties authorized to sue under ERISA sections 502(a)(2) and (3) are hereby bound by the Settlement and this Order.

12. The Action is hereby dismissed with prejudice in its entirety and without an award of costs, except as provided in the Settlement Agreement.

13. The Settlement agreement is hereby approved in its entirety.

14. For purposes of this Paragraph 14 of this Order, the following definitions (which are identical to the definitions in the Settlement Agreement, as modified above) shall apply:

   a. "Chicago Releasees" shall mean, collectively, the Defendant Released Parties (as defined below) and Other Released Parties (as defined below).

   b. "Defendant Released Parties" shall mean the University of Chicago and its affiliates, the Trustees of the University and the University's affiliates, and any and all current and former employees of the University and the University's affiliates including those who have acted as a fiduciary or provided services to one of the Plans at any time during the class period.

   c. "Other Released Parties" shall mean the University of Chicago's insurers and all third parties that provided services to the Plans, including but not limited to Vanguard, TIAA, Aon, and any mutual fund company whose funds were designated investment alternatives at any time during the class period.

   d. "Released Claims" shall mean any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent,

accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature (collectively, "Claims"), including both known Claims and Unknown Claims, against any of the Chicago Releasees and Defendant's Counsel (i) that have been asserted in this litigation or which could have been asserted in this litigation, or (ii) that in any way arise out of, relate to, are based on, or have any connection with the Plans' management and administration, including, but not limited to any fees, expenses, investment option performance, monitoring of investment options, or Plan loans, or (iii) that would have been barred by res judicata had the Action been fully litigated to a final judgment. The Released Claims do not include (a) claims pertaining to errors in individual benefit calculations of failure to follow participant instructions or (b) any claims asserted against TIAA in *Haley v. Teachers Investment and Annuity Association*, 1:17-cv-00855-JPO (S.D.N.Y.).

Upon the occurrence of the Effective Date, all Monetary Relief Class Members and their successors and assignees are permanently enjoined, either directly, representatively, or in any other capacity, from prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Claims against any of the Chicago Releasees.

15. The terms of the Settlement Agreement and of this Final Approval Order and Judgment shall be forever binding on the Class Representatives, Structural Change Class Members, Monetary Relief Class Members, and all of their successors and assigns, and the Settlement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings involving the same or similar claims as those asserted in this Action, or that are otherwise encompassed by the Release and Covenant Not to Sue set forth in the

Settlement Agreement, and the Settlement Agreement may be pled as a full and complete defense to any such claims, lawsuits, or proceedings.

16. For as long as Defendant and its successors and assignees continue to comply with Section IV of the Agreement, in connection with which the University (1) does not increase the per-participant recordkeeping fees for the next three years and (2) continues to conduct periodic reviews of the investment options in the new investment lineup, including the TIAA Real Estate Account, all Structural Changes Class Members and their successors and assigns are enjoined from instituting, maintaining, prosecuting, suing, or asserting in any action or proceeding in any federal or state forum any claim, based on conduct subsequent to, or any liability or damages claimed to arise or occur after, the date of Preliminary Approval, with respect to any of the Structural Changes. This covenant not to sue shall expire at the end of the calendar year occurring three years from the date of this Order.

17. In recognition of their work, the time and expenses incurred on behalf of the Members of the Settlement Classes and the value of the results achieved on behalf of the Members of the Settlement Classes, pursuant to the terms of the Settlement Agreement, each named Plaintiff shall be entitled to receive out of the Settlement Amount a Case Contribution Fee in the amount of $[$10,000], and Class Counsel shall be entitled to receive out of the Settlement Amount reasonable attorneys' fees in the amount of $[_$1,950,000.00_] R.C. plus reasonable costs and other expenses in the amount of $[_67,985.72_] R.C.

18. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Distributable Settlement Amount; and (b) the Parties and the

Members of the Settlement Classes for purposes of construing, enforcing and administering the Agreement.

SO ORDERED this 12th day of September, 2018

_____
United States District Judge